**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL A. CURRIE, JR.,
        Appellant,

        v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
PH-315I-16-0106-I-1

DATE: July 1, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael A. Currie, Jr., Newport, Rhode Island, pro se.

Matthew J. Gowan, North Chicago, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    Effective December 28, 2014, the agency promoted the appellant to a GS‑9 Supervisory Medical Technician position.  Initial Appeal File (IAF), Tab 7 at 48.  The Standard Form 50 (SF-50) documenting the appointment indicated that the appointment was subject to a 1-year supervisory probationary period beginning December 15, 2014.  *Id*.  On November 10, 2015, the agency reassigned the appellant from his GS-9 supervisory position to a GS-7 nonsupervisory position for failure to satisfactorily complete the supervisory probationary period.  *Id*. at 12, 14.  The appellant timely appealed the reassignment to the Board.  IAF, Tab 1.  He did not request a hearing.  *Id*. at 2.  After notifying the appellant of his jurisdictional burden, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 2 at 2, Tab 8, Initial Decision (ID).  The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition to the petition for review.  Petition for Review (PFR) File, Tabs 1, 3.

¶3    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant bears the

burden of demonstrating by preponderant evidence that the Board has jurisdiction over his appeal. 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶4 Under 5 U.S.C. § 3321, an individual serving in an initial appointment as a supervisor or manager in the competitive service is required to serve a probationary period. *Burton v. Department of the Air Force*, 118 M.S.P.R. 210, ¶ 7 (2012). An individual in the competitive service who has been promoted to a supervisory position and who does not satisfactorily complete the probationary period, like the appellant, "shall be returned to a position of no lower grade and pay than the position from which the individual was . . . promoted." 5 U.S.C. § 3321(b); *Burton*, 118 M.S.P.R. 210, ¶ 7; 5 C.F.R. § 315.907(a). Here, the agency reassigned the appellant to a GS-7, step 5, nonsupervisory position for failure to satisfactorily complete his supervisory probationary period, returning him to the same grade and step as in the position he held prior to his promotion.[2] IAF, Tab 7 at 12, 15, 51.

¶5 Under these circumstances, an employee "has no appeal right" unless he nonfrivolously alleges that the action "was based on partisan political affiliation or marital status." *Burton*, 118 M.S.P.R. 210, ¶ 7; 5 C.F.R. § 315.908. The appellant has not alleged that the agency reassigned him on the basis of partisan political reasons or marital status. IAF, Tabs 1, 6; PFR File, Tab 1; ID at 4. Thus, as the administrative judge correctly determined, the Board lacks jurisdiction over this appeal. ID at 5.

¶6 On review, the appellant appears to argue that he has the right to appeal his reassignment to the Board because he qualifies as an "employee" under 5 U.S.C.

---

[2] Although the record contains an SF-50 showing that the appellant occupied a GS-7, step 4, nonsupervisory Medical Technician position as of March 29, 2013, IAF, Tab 7 at 51, the record does not contain an SF-50 showing the appellant's grade and pay immediately preceding his promotion to the supervisory position, *id.* at 48-49. The demotion letter states, however, that the appellant was promoted from a GS-7, step 5, nonsupervisory Medical Technician position into the supervisory position. IAF, Tab 7 at 15. The appellant has not disputed this assertion. IAF, Tabs 1, 6; PFR File, Tab 1.

§ 7511(a)(1) and because the agency's evidence in support of his demotion was "falsified and exaggerated." PFR File, Tab 1 at 4. These contentions, however, are inapposite to the jurisdictional issue in this appeal and provide no basis to disturb the initial decision.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.